UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN McMAHON,<br><br>        Defendant. | No. ED CV 15-2511-AB (PLA)<br><br>ORDER ACCEPTING, IN PART, FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

I.

INTRODUCTION

On September 6, 2016, the United States Magistrate Judge issued an Interim Report and Recommendation, recommending that defendants' Motion to Dismiss be granted in part and denied in part. On October 11, 2016, plaintiff filed Objections to the Interim Report and Recommendation, with an attachment. ("Plaintiff's Objs."; ECF No. 96). Defendants then filed a Reply to plaintiff's Objections (ECF No. 97), followed by their own Objections (ECF No. 98) (collectively "Defendants' Objections"). Plaintiff was provided with an opportunity to respond to Defendants' Objections, which he did on November 14, 2016. (ECF No. 101).

/

/

## II.

## DISCUSSION

Plaintiff's Objections address the Magistrate Judge's conclusion in the Report and Recommendation that the federal claims against defendant McMahon in his official capacity should be dismissed without leave to amend. He attaches a document he obtained from General Legal Counsel of the San Bernardino County Sheriff's Department indicating that for a five year period ending in November, 2015, approximately 462 "claims," including claims of officer involved shootings, use of force incidents, and civil rights violations, were submitted to the Department. Based on this information, he argues that an "improper custom of excessive use of force through the sheer number of claims of the excessive use of force" can be shown.

Based on this new information, the Court believes that plaintiff should have one final opportunity to state a Fourth Amendment claim against Sheriff McMahon in his official capacity only.

In Defendants' Objections, they argue for the first time that, under California Government Code § 844.6, a public entity is not liable for any injury to a prisoner, and that this provision extends to an escaped prisoner, such as plaintiff. Plaintiff in his response to Defendants' Objections provides no legal reason to conclude otherwise. Accordingly, the Court agrees with defendants that Sheriff McMahon is entitled to immunity against plaintiff's Bane Act Claim.

## III.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, the other records on file herein, the Magistrate Judge's Interim Report and Recommendation, and the parties' objections to the Interim Report and Recommendation. The Court has engaged in a de novo review of those portions of the Interim Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge, in part.

/

ACCORDINGLY, IT IS ORDERED:

1. The Interim Report and Recommendation is accepted in part;

2. Defendants' Motion to Dismiss is granted in part;

3. Plaintiff's claims against Sheriff McMahon in his individual capacity, against Sheriff McMahon in his official capacity pursuant to the Bane Act, and against Police Chief Jarrod Burguan in his official and individual capacities, are dismissed without leave to amend and with prejudice;

4. Defendants' Motion to Dismiss is denied as to the Deputy Defendants;

5. Plaintiff is granted leave to amend, on a schedule to be established by the Magistrate Judge, to state a Fourth Amendment claim against Sheriff McMahon in his official capacity only; and

6. The clerk shall serve this Order on all counsel or parties of record.

DATED: 12/23/16

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE